1  EDWARD G. BURG (Bar No. CA 104258)
   E-mail: eburg@manatt.com
2  GEORGE M. SONEFF (Bar No. CA 117128)
   E-mail: gsoneff@manatt.com
3  VIRAL MEHTA (Bar No. CA 261852)
   E-mail: vmehta@manatt.com
4  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
5  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

7  *Attorneys for Defendants*
   Christopher W. Metcalf, Joseph P. Cordner,
8  Marialice Cordner, Scott R. Descher and
   Anna R. Descher, as Trustees of the
9  Descher Family Trust, Hahm International, Inc.,
   and Levand Steel & Supply Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>1003.58 ACRES OF LAND, MORE OR LESS, SITUATE IN SAN BERNARDINO COUNTY, CALIFORNIA, AND CHRISTOPHER W. METCALF, JOSEPH P. CORDNER, MARIALICE CORDNER, SCOTT R. DESCHER AND ANNA R. DESCHER, TRUSTEES OF THE DESCHER FAMILY TRUST, *et al.*,<br><br>Defendants. | Case No. 5:16-cv-1014 VAP (SPx)<br><br>Hon. Sheri Pym<br>Courtroom 3/4 – 3rd Floor<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: May 17, 2016<br>Trial Date: February 6, 2018<br><br>**[NOTE CHANGE MADE BY THE COURT TO ¶ 11]** |

# STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff United States of America ("**Plaintiff**") and Defendants Christopher W. Metcalf, Joseph P. Cordner, Marialice Cordner, and Scott R. Descher and Anna R. Descher, as Trustees of the Descher Family Trust (collectively, "**Defendants**") possess information and materials relating to the subject matter of this action that they maintain constitute trade secrets, proprietary business information, or other confidential or private information, including private information protected under state and federal statutes and/or private agreements.

WHEREAS, Defendants seek to control access to and the use of such information and materials while allowing discovery of the same for the purpose of conducting this litigation, and not for any other purpose outside the scope of this litigation, including any business purpose.

WHEREAS, Plaintiff United States agrees to the entry of a Stipulated Protective Order solely for the purpose of facilitating discovery. Plaintiff does not stipulate to the confidential nature of any documents produced in accordance with this Protective Order. It is incumbent upon the Defendant to establish the confidential nature of each document produced in accordance with the terms of this Protective Order set forth below. Plaintiff reserves the right to object to and/or challenge the confidentiality of any document produced in accordance with this Stipulated Protective Order.

NOW THEREFORE, the parties agree and stipulate, by and through their respective counsel of record, subject to the aforementioned conditions, and subject to the approval of the Court, and without waiving or forfeiting any claims or defenses in the above-captioned action or any applicable privileges or protections, and without acknowledging the propriety of any claim by any party that any information produced during the course of discovery in this action constitutes Confidential Information (as defined below), that in order to preserve any claim by any party that information produced during discovery constitutes Confidential

Information, this Stipulated Protective Order ("**Protective Order**") shall govern discovery in this action once such stipulation is signed by all the parties and entered as an order of the Court, as follows:

1. Any party or nonparty producing any documents, communications, information, testimony, transcripts, or other tangible things (hereinafter "**Materials**") may designate such Materials as "Confidential Information" subject to the terms set forth below.

2. "**Confidential Information**" shall mean and refer to Materials that have not been made public and the disclosure of which may cause harm to the person or entity from which the Materials are obtained or a third party, including but not limited to Materials that are considered in good faith to constitute or contain trade secrets entitled to protection under Fed. R. Civ. P. 26(c); confidential information, including private information protected under state and federal statutes; or confidential or private business, commercial, proprietary, or technical information. This shall in no way be construed to make confidential matters which are (a) already known to the other party; (b) a matter of public record; or (c) subsequently obtained from an independent non-confidential or non-privileged source.

   (a) A designation of any Materials as Confidential Information by a party shall constitute a certification to the Court and to the parties to the action that such Materials are believed in good faith to be confidential within the meaning of this Protective Order, and where applicable, that such designation is believed in good faith to adequately protect privacy under applicable state and federal statutes or private agreements.

   (b) Only Qualified Persons may view or receive Confidential Information in accordance with this Protective Order. "**Qualified Persons**" shall mean and refer to, and is expressly limited to:

i. Counsel for any party to the action and their personnel, including paralegals, clerical staff, secretarial staff and other support personnel;

ii. The parties to this action, including their respective agents, managers, accountants, officers, employees, shareholders and/or in-house counsel.

iii. Any persons who are authors, addressees or prior recipients as set forth on the face of Materials designated as Confidential Information;

iv. Expert witnesses or consultants retained or employed by the parties or their respective attorneys for purposes of this action who have complied with Paragraph 3 below, and the personnel of such expert witnesses or consultants;

v. Any court presiding over this action and court personnel;

vi. Court reporters, stenographers and videographers who are retained to transcribe or videotape any depositions in this action;

vii. Any arbitrators or mediators who are assigned or retained to preside over any proceedings in this action, and the personnel of such arbitrators or mediators;

viii. Third-party witnesses at any deposition or other pre-trial proceeding in this action whose testimony necessitates the disclosure to the witness of Confidential Information during the course of such testimony, and who have complied with Paragraph 3 below;

ix. Third-party witnesses who produce, whether voluntarily or pursuant to subpoena or court order, any Materials that they deem to constitute or contain Confidential Information, and who have complied with Paragraph 3 below;

x. Professional vendors that provide litigation support services, including but not limited to photocopying, videotaping, translation and preparation of exhibits or demonstrations,; and

    xi. Such other persons as the parties may designate by written stipulation.

  3. Prior to receiving Materials designated as Confidential Information, all Qualified Persons identified in Paragraphs 2(b)(iv), (viii), and (ix) shall be provided with a copy of this Stipulated Protective Order and shall sign the Declaration and Acknowledgment attached hereto as **Exhibit A**.

  4. The production of any Materials during discovery in this action shall be without prejudice to any claim by any party that such Materials constitute Confidential Information, and no party shall be deemed to have waived the right to designate such Materials as Confidential Information after such production occurs.

  5. Whenever, during the course of discovery in this matter, a party or non-party is requested or required to disclose Materials that it considers to constitute or contain Confidential Information, that party shall designate such Materials as Confidential Information or at or before the time of disclosure by marking the Materials as such, placing some other similar designation thereon, or indicating in some other appropriate fashion that the Materials are subject to this Protective Order. A party's or third party's inadvertent failure to designate Materials as Confidential Information shall not operate as waiver of that party's or third party's right to subsequently designate such Materials as Confidential Information.

  (a) A Confidential determination shall be marked on a page-by-page basis on all above-listed items; documents shall not be deemed Confidential in their entirety unless all pages of that document contain Confidential Information.

  6. All transcripts of depositions taken in this case shall automatically be treated as Confidential Information for a period of 30 days after receipt of the transcript. This 30-day period will begin to run the day after the transcript is received by counsel for the party defending the deposition, and will conclude at the end of the thirtieth consecutive day (including weekends and holidays). During this

30-day period, or during any pending deposition proceeding, any party or third-party deponent may designate a deposition transcript, or any portion thereof, as Confidential Information. If any deposition transcript, or any portion thereof, is not designated as Confidential Information during the deposition proceeding or by the expiration of this 30-day period, that transcript or portion shall no longer be treated as Confidential Information.

7. Materials designated as Confidential Information shall be treated in accordance with the terms of this Protective Order and shall be used by the parties, their respective agents and any other persons to whom such Materials may be disclosed only for purposes of litigating, prosecuting, or defending against this action only, and for no other purposes, including any business purposes. Nothing in this Protective Order shall prevent or limit the ability of any party or third party to disclose Materials designated as Confidential Information that such party or third party lawfully obtained independent of discovery in this action, whether or not such Materials are also obtained through discovery in this action. Confidential Information may be used at trial.

8. If a party to this action or its counsel is served with a subpoena requiring production of any Materials designated as Confidential Information, counsel for the party receiving the subpoena shall so notify counsel for the designating party in writing within five court days. The parties agree that the designating party shall have five court days after receiving notice of a subpoena requiring production of Materials designated as Confidential Information to object to the subpoena or seek other appropriate relief. If a motion to quash the subpoena is timely filed by the designating party, the subpoenaed party shall not produce the Materials designated as Confidential Information until required to do so pursuant to court order, or unless required to do so by other applicable law.

9. Any Materials designated as Confidential Information that are filed with the Court shall be submitted for filing in a sealed envelope bearing the

designation "Confidential: Subject to Protective Order," together with a proposed order, and shall otherwise comply with the requirements of Local Rule 79-5 and all applicable orders of the Court. If the Court denies an application to file under seal Materials designated as Confidential Information, the filing party shall be permitted to file such Materials unsealed.

10. If a party inadvertently produces or discloses Materials designated as Confidential Information, or any Materials that are subject to a claim of attorney-client privilege, common interest privilege or work-product immunity, the producing party shall, upon discovering the error, promptly notify the receiving party of the same. The receiving party shall immediately return to the producing party all copies of such Materials, and shall return or destroy all excerpts and summaries thereof. The return of such Materials shall not constitute an admission or concession, or permit any inference, that the returned Materials in fact constitute or contain Confidential Information, or are subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, or constitute a waiver of the returning party's right to challenge such designations. The inadvertent disclosure of any Materials subject to the attorney-client privilege, common interest privilege, or work product immunity shall not be deemed a waiver of any such privileges or immunities, or a waiver of any party's right to challenge such privileges or immunities.

11. The parties' agreement to enter into this Protective Order is not consent or admission regarding the confidentiality of any Materials. Should any party seek to challenge the designation of any Materials as Confidential Information, that party may object to the designation. The designating party must then move the Court, in accordance with Local Rule 37, for an order approving such designation and concluding that the Materials are governed by the provisions of this Protective Order. The Court, upon notice to the parties and upon a showing

1 | of good cause, may at any time order removal of a Confidential Information
2 | designation from any Materials.

3 |     12. Within sixty days after the termination of this action and the expiration of the time for appeal or the final determination of any appeals, all originals and copies of any Materials designated as Confidential Information shall either be destroyed or returned to the party who produced such Materials at the option of the Producing Party. In the event that the Materials are destroyed rather than returned, a letter to that effect shall be provided to counsel for the designating party. Notwithstanding this provision, counsel are entitled to retain one archival copy of confidential information used at trial, during depositions or contained in settlement agreements, settlement memoranda, hearing transcripts or documentation filed with the Court.

    13. This Stipulated Protective Order shall be without prejudice to the rights of the parties to present a motion to the Court, pursuant to Federal Rule of Civil Procedure 26(c), for a separate protective order as to any document or information imposing restrictions differing from those specified herein.

    14. This Stipulated Protective Order is intended to govern the exchange and use of Materials during discovery, trial preparation, ADR, and post-trial proceedings. Questions regarding the use of Materials designated as Confidential Information during the trial in this action will be addressed by the Court at a later time, as the Court deems appropriate.

///
///
///
///
///
///
///
///

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15. Nothing in this Protective Order abridges the right of any party or third party to seek to add to or modify the terms of this Protective Order in the future.

**IT IS SO STIPULATED.**

Dated: April 19, 2017  MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Viral Mehta
Viral Mehta
*Attorneys for Defendants*
Christopher W. Metcalf, Joseph P. Cordner, Marialice Cordner, Scott R. Descher and Anna R. Descher, as Trustees of the Descher Family Trust, Hahm International, Inc., and Levand Steel & Supply Corporation

Dated: April 19, 2017  UNITED STATES DEPT. OF JUSTICE

By: /s/ Bhavna Changrani
Bhavna Changrani
Benjamin J. Grillot
*Attorneys for Plaintiff*
United States of America

## **LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# **ORDER**

The Court has reviewed the foregoing Stipulated Protective Order, and good cause appearing therefor,

**IT IS SO ORDERED.**

Dated: April 24, 2017



Hon. Sheri Pym
United States Magistrate Judge

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury under the laws of the United States that I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *United States of America v. 1003.58 Acres of Land, More or Less, et al.*, Case No. 5:16-cv-1014 VAP (SPx) ("Action"). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order ("Order"), and I understand and acknowledge that my failure to comply with the terms of the Order could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California (or, if there is no federal jurisdiction, in the State Courts of California, located in Los Angeles County), for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after the termination of the Action.

Name: _____

Date: _____

Signature: _____

City and State: _____

318542348.2